UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN,<br>　　　　Petitioner,<br>　　v.<br>SUPREME COURT OF CALIFORNIA,<br>　　　　Respondent. | Case No. 20-cv-01133-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 1 |

　　　　O.Z. Martin has filed a "petition for writ of mandate" in which he complains that the California Supreme Court refused "to do justice in performing its ministerial duties" by failing to conduct a proper and adequate inquiry into his claims. Docket No. 1 at 1, 2. He seeks a writ commanding the California Supreme Court to entertain his claims about the lawfulness of his 2000 conviction from the Alameda County Superior Court and the resulting sentence that was enhanced due to prior convictions upon guilty pleas in 1982 and 1994.

　　　　The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The federal mandamus statute only reaches federal officers and employees. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). A petition for a writ of federal mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of

mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition). Mr. Martin cannot obtain a federal writ of mandamus compelling the California Supreme Court or any other state court to take action or refrain from taking action.

The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under the All Writs Act, "a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). The All Writs Act does not help Mr. Martin because his petition consists of only a request for writ of mandate and does not show the Court has subject-matter jurisdiction over the case or controversy. The Court cannot issue a writ under § 1651 in aid of jurisdiction not shown to exist.

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). A prisoner cannot evade this rule by filing a petition for writ of mandate as a substitute for a petition for writ of habeas corpus. The only route by which Mr. Martin possibly could challenge the lawfulness of his state court conviction and sentence in federal court is with a petition for writ of habeas corpus, although his litigation history impedes his ability to file such a petition.

The petition for writ of mandate is the latest effort by Mr. Martin to challenge his 2000 attempted murder conviction and sentence. A "petition for modification of sentence," *Martin v. Foulk*, No. C 14-643 EMC, he filed in 2014 was dismissed because a petition for writ of habeas corpus is the exclusive remedy in federal court to challenge a state court conviction or sentence and Mr. Martin had not obtained permission from the Ninth Circuit under 28 U.S.C. § 2244(b) to file a second or successive petition for writ of habeas corpus. An earlier petition for writ of habeas corpus, *Martin v. Carey*, No. C 03-4659 MJJ, was denied on March 26, 2007. The Ninth Circuit

1  denied a certificate of appealability when Mr. Martin attempted to appeal the denial of that
2  petition. Another earlier petition for writ of habeas corpus, *Martin v. Virga*, No. C 11-5178 EMC,
3  was dismissed because it impermissibly challenged the restitution component of his sentence. A
4  third earlier petition for writ of habeas corpus, *Martin v. Virga*, No. C 12-1351 EMC, received
5  initial permission from the Ninth Circuit to be filed, but ultimately was dismissed as an improper
6  successive or second petition. The Ninth Circuit denied a certificate of appealability when Mr.
7  Martin attempted to appeal the dismissal.

8        Mr. Martin has not obtained an order from the Ninth Circuit permitting the filing of a
9  second or successive petition in this action. Since he has not obtained such permission, it would
10 be futile to construe his petition for writ of mandate to be a petition for writ of habeas corpus.
11 This Court will not entertain a new petition for writ of habeas corpus from Mr. Martin until he first
12 obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. Mr.
13 Martin is well aware of the requirement that he obtain permission from the Ninth Circuit to file a
14 second or successive petition for writ of habeas corpus, as this Court has explained it to him at
15 least twice and he has, on four earlier occasions, sought such permission from the Ninth Circuit.
16 *See* Ninth Circuit Case Nos. 08-74186, 09-72023, 11-72405, 14-72776.

17       Mr. Martin has been informed repeatedly that a petition for writ of habeas corpus is the
18 only way he can challenge his state court conviction, has been informed repeatedly of the need to
19 obtain permission from the Ninth Circuit to file such a petition, and has applied unsuccessfully for
20 such permission four times. He also was informed in the dismissal of his 2014 petition for
21 modification of sentence that it would be frivolous to file any further petition for writ of habeas
22 corpus or other challenge to his conviction or sentence without first obtaining permission from the
23 Ninth Circuit, and that the dismissal of such an action would count as a dismissal under 28 U.S.C.
24 § 1915(g) (a prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or
25 more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in
26 a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or
27 fails to state a claim upon which relief may be granted, unless the prisoner is under imminent
28 danger of serious physical injury.")

For the foregoing reasons, this action is **DISMISSED** as legally frivolous. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: April 20, 2020

_____
EDWARD M. CHEN
United States District Judge